LITTLER MENDELSON
A Professional Corporation
One Gateway Center - Third Floor
Newark, New Jersey 07102.5311
973.848.4700
Attorneys for Defendant
  Waste Management of New Jersey, Inc.
WPM/9482

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY DAWSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT OF NEW JERSEY,<br>INC.,<br><br>                    Defendant. | Civil Action No. [TBA]<br><br>**NOTICE OF REMOVAL** |

**TO:    THE CLERK AND THE HONORABLE JUDGES
OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

Defendant, Waste Management of New Jersey, Inc. ("Defendant"), hereby files this Notice of Removal of the above-captioned action with the United States District Court for the District of New Jersey, from the Superior Court of New Jersey, Law Division, Passaic County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and in support thereof alleges:

1.    Plaintiff, Timothy Dawson, ("Plaintiff") commenced this action on October 18, 2004 by filing a Complaint in the Superior Court of New Jersey, Law Division, Passaic County, captioned <u>Timothy Dawson v. Waste Management of New Jersey</u>, and bearing Docket No. L-4403-04 (the "State Court Action"). The State Court Action is now pending in that court.

2.      Plaintiff served Defendant with the Summons and Complaint on October 25, 2004. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      The State Court Action is a civil action of which the district courts of the United States have original jurisdiction  by virtue of federal question jurisdiction granted by 28 U.S.C. § 1331.  Specifically, the State Court Action asserts federal claims pursuant to the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* (FMLA).

4.      This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required as 28 U.S.C. §§ 1441(a) and 1446(a).

5.      Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

6.      Upon filing of this Notice of Removal, Defendant shall give written notice thereof to Plaintiff's counsel, Frances Farber-Walter, Esq. and shall file copies of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Passaic County, pursuant to 28 U.S.C. §1446(d).

7.      By filing this Notice of Removal, Defendant does not waive any defenses available to it at law, in equity or otherwise.

**WHEREFORE**, Defendant, Waste Management of New Jersey, Inc. respectfully requests that this action proceed in this Court as an action properly removed to it.

LITTLER MENDELSON, P.C.
Attorneys for Defendant
Waste Management of New Jersey, Inc.

By:_____
        William P. McLane

Dated: November /?  , 2004

Newark:23817.1 038348.1000

2

# EXHIBIT "A"

OCT 25 2004 15:53 FR WASTE MANAGEMENT    2016643093 TO 12152692347    P.02/16

Oct-28-04  11:20    From-                                    T-083  P.04    F-878

**DEUTSCH RESNICK, P.A.**
One University Plaza-Suite 305
Hackensack, NJ 07601
(201) 498-0900
Attorney for Plaintiff

| | |
|---|---|
| **TIMOTHY DAWSON,**<br><br>Plaintiff,<br><br>v.<br><br>**WASTE MANAGEMENT OF NEW JERSEY**<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br><br>**PASSAIC COUNTY LAW DIVISION**<br><br>**DOCKET NO. L-4403-04**<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

**From the State of New Jersey to the Defendant(s) named above:**

### WASTE MANAGEMENT OF NEW JERSEY

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages and property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

OCT 25 2004 15:53 FR WASTE MANAGEMENT        2016643093 TO 12152692347        P.03/16
                                                                    T-888   P.08   F-378

Date: October 25, 2004                /s/ Donald F. Phelan
                                      Superior Court Clerk

Name of Defendant to be Served:       WASTE MANAGEMENT OF NEW JERSEY

Address of the Defendant to be Served: 77 BROOKSIDE PLACE,
                                       HILLSDALE, NEW JERSEY, 07642-2007


*$135.00 FOR CHANCERY DIVISION CASES OR $135.00 FOR LAW DIVISION CASES

## LEGAL SERVICES and LAWYER REFERRAL

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First FL
Atlantic City, NJ 08401
**LAWYER REFERRAL:**
Tel: (609) 345-3444
**LEGAL SERVICES:**
Tel: (609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, New Jersey 07601
**LAWYER REFERRAL:**
Tel: (201) 488-0044
**LEGAL SERVICES:**
Tel: (201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First FL Courts Facility
49 Rancocas Road
Mt. Holly, New Jersey 08060
**LAWYER REFERRAL:**
Tel: (609) 261-4862
**LEGAL SERVICES:**
Tel: (609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st FL, Hall of Records
101 S. Fifth Street
Camden, New Jersey 08103
**LAWYER REFERRAL:**
Tel: (856) 964-4520
**LEGAL SERVICES:**
Tel: (856) 964-2010

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
**LAWYER REFERRAL:**
Tel: (201) 798-2727
**LEGAL SERVICES:**
Tel: (201) 792-636

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
**LAWYER REFERRAL:**
Tel: (609) 463-0313
**LEGAL SERVICES:**
Tel: (609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
**LAWYER REFERRAL:**
Tel: (856) 692-6207
**LEGAL SERVICES:**
Tel: (856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, New Jersey 07102
**LEGAL SERVICES:**
Tel: (973) 622-6207
**LAWYER REFERRAL:**
Tel: (973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First FL, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
**LAWYER REFERRAL:**
Tel: (856) 848-4589
**LEGAL SERVICES:**
Tel: (856) 848-5360

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, New Jersey 08862
LAWYER REFERRAL:
Tel: (908) 735-2611
LEGAL SERVICES:
Tel: (908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, New Jersey 08650
LAWYER REFERRAL:
Tel: (609) 585-6200
LEGAL SERVICES:
Tel: (609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL:
Tel: (609) 585-6200
LEGAL SERVICES:
Tel: (609) 695-6249

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL:
Tel: (732) 431-5544
LEGAL SERVICES:
Tel: (732) 866-0028

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL:
Tel: (973) 267-5882
LEGAL SERVICES:
Tel: (973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, New Jersey 08754
LAWYER REFERRAL:
Tel: (732) 240-3666
LEGAL SERVICES:
Tel: (732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
77 Hamilton Street
Paterson, New Jersey 07505
LAWYER REFERRAL:
Tel: (973) 278-9223
LEGAL SERVICES:
Tel: (973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, New Jersey 08079
LAWYER REFERRAL:
Tel: (866) 935-5628
LEGAL SERVICES:
Tel: (856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, New Jersey 08876
LAWYER REFERRAL:
Tel: (908) 685-2323
LEGAL SERVICES:
Tel: (908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, New Jersey 07860
LAWYER REFERRAL:
Tel: (973) 267-5882
LEGAL SERVICES:
Tel: (973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, New Jersey 07207-6073
**LAWYER REFERRAL:**
Tel: (908) 353-4715
**LEGAL SERVICES:**
Tel: (908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
Belvidere, New Jersey 07823-1500
**LAWYER REFERRAL:**
Tel: (973) 267-5882
**LEGAL SERVICES:**
Tel: (973) 475-2010

REC'D & FILED
SUPERIOR COURT
OF NEW JERSEY

OCT 1 8 2004

PASSAIC COUNTY

**DEUTSCH RESNICK, P.A.**
One University Plaza-Suite 305
Hackensack, NJ 07601
(201) 498-0900
Attorney for Plaintiff

TIMOTHY DAWSON,

Plaintiff,

v.

**WASTE MANAGEMENT
OF NEW JERSEY**

Defendant.

SUPERIOR COURT OF NEW JERSEY

PASSAIC COUNTY
LAW DIVISION

DOCKET NO.
L-4403-04
CIVIL ACTION

COMPLAINT & JURY DEMAND

Plaintiff, Timothy Dawson (hereinafter "Mr. Dawson,") as and for his Complaint against

Defendant Waste Management of New Jersey. (hereinafter "Defendant,") says:

## BACKGROUND

1.     Plaintiff, an individual, resides at 145 Presidential Boulevard, Apt., 9H, Paterson,

New Jersey 07522.

2.     Defendant, a Corporation, has an office in the State of New Jersey at 77

Brookside Place, Hillsdale, New Jersey.

3.     Plaintiff worked for Defendant for approximately four years, until October 22,

2002.

4.     At all times relevant, Mr. Dawson was an "eligible employee" of Defendant

within the meaning of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq.

1

(hereinafter "the FMLA"), the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1, *et seq.*, (hereinafter "the LAD") and the New Jersey Workers' Compensation Act, N.J.S.A. §34:15-1 *et seq.*

5.  Defendant is an "employer" within the meaning of the FMLA, the LAD and the New Jersey Workers' Compensation Act.

6.  At all times relevant, Mr. Dawson's performance met Defendant's legitimate expectations.

7.  In September 2002, Mr. Dawson was severely injured during the course of his employment. Mr. Dawson was struck by a car while performing his job duties as a driver/loader for Defendant. His injuries are, therefore, compensable under the New Jersey Workers' Compensation Act.

8.  As a result of compensable injuries to his head, neck, back, left knee, right arm and chest, Mr. Dawson was hospitalized for twenty-four hours. He asked Allen Hemma, the "head boss" for time off because he was medicated and needed time to recuperate from his injuries.

9.  On September 17, 2002, while still at home on sick leave, Mr. Dawson was told by his Union representative that if he did not return to full duty immediately, he would be fired. On that day, although he was supposed to return to the hospital for follow-up care, he was instructed to go to Defendant's designated physician, who declared him fit for a light duty assignment.

10.  Although he made an effort to perform the assigned duties, Mr. Dawson found that he was unable to do so because of severe pain and his inability to walk.

2

11.    Mr. Dawson then sought medical consultation with his own physician, who ordered an MRI examination of his knee. Mr. Dawson was directed by his physician to stay at home for a period of two weeks, and Mr. Dawson then provided this information to Defendant.

12.    During the two weeks that he was out, Mr. Dawson called his job every day. When he returned to work on September 27, 2002, barely able to ambulate, his supervisor Tom Blessing would not believe that he was seriously injured, exclaiming that the car that hit him "wasn't big enough" and "wasn't going fast enough" to do the damage Mr. Dawson claimed.

13.    Finally, after repeatedly being told by Mr. Blessing that "there ain't nothing wrong with you," on October 9, 2002, plaintiff demanded to see Allan Hemma. Mr. Dawson told Mr. Hemma that he was still in intense pain, that he needed to be home, and requested leave for "healing time." His request was denied.

14.    On October 12, 2002, Plaintiff was again examined by defendant's physician, who refused to acknowledge his injury. Mr. Dawson was again ordered back to work.

15.    Mr. Dawson was scheduled for vacation beginning October 14, 2002. On October 15, 2002, he received a doctor's note verifying his torn meniscus.

16.    When Mr. Dawson returned to work on October 22, 2002, he handed in his doctor's note, verifying a torn meniscus which would require surgical intervention. Defendant terminated his employment that day, ostensibly because he had missed a safety meeting which was scheduled during his vacation.

**COUNT ONE**
**(DISABILITY DISCRIMINATION - FAILURE TO ACCOMMODATE LAD)**

17.    Mr. Dawson repeats and re-alleges each and every allegation of Paragraphs 1-16,

3

· as if set forth at length herein.

18.     When he was forced to return to work after only two weeks of sick leave, Mr. Dawson requested the reasonable accommodation of a desk job that would allow him to remain immobile and elevate his leg, but his request was denied. Instead he was assigned to a job in which he sat and "watched trucks." However, he was frequently required to walk long distances when ordered repeatedly by Allen Hemma to "get up and come here."

19.     Furthermore, he was denied a desk job that would have allowed him to elevate his leg, an accommodation that was offered to other individuals.

20.     The confirmation of a serious medical condition affecting his knee was a determinative factor in Defendant's decision to terminate Mr. Dawson's employment.

21.     Defendant's decision to terminate Mr. Dawson was egregious, willful and wanton, and in reckless disregard of his rights

22.     Defendant's upper management participated in the relevant unlawful conduct.

23.     Defendant's conduct constitutes discrimination because of his disability in violation of the New Jersey Law Against Discrimination, N.J.S.A. §10:5-1 et seq.

24.     As a result of the foregoing, Mr. Dawson experienced a loss of income and benefits as well as emotional distress due the exacerbation of his physical disabilities and the physical symptoms thereof including, but not limited to eating disorders, disruption of sleep, anxiety, and stress.

WHEREFORE, Plaintiff seeks judgement against the Defendant for compensatory damages, including but not limited to lost wages, salary, commissions, and employment benefits, emotional distress damages, punitive damages, pre- and post-judgment interest, reasonable costs,

4

· including attorney's fees and such other and further relief as this Court deems equitable and just under the circumstances.

## COUNT TWO
## (DENIAL OF ENTITLEMENT - FMLA)

25.    Plaintiff repeats and re-alleges that each and every allegation set forth in Count I, part 17 through 24 above as if recounted at length herein.

26.    Although Allen Hemma told Mr. Dawson that Defendant terminated his employment for "no show no call," that reason is pretextual. Defendant terminated Mr. Dawson because he (i) took time off to recuperate from his work injuries, (ii) asked for and was denied FMLA leave; (iii) indicated that he would require additional FMLA leave for surgery for his injured knee.

27.    At no time during all relevant periods was Mr. Dawson informed of his rights under the FMLA, accorded the opportunity to continue his recuperation, as ordered by his doctor, or given leave to have the required surgery.

28.    Defendant interfered with Mr. Dawson's rights under the FMLA and denied him the rights to which he was entitled by actions including, but not limited to, failing to provide him with information regarding his right to leave under the FMLA, repeatedly denying his request to take medical leave, putting unlawful restrictions on his medical leave and terminating his employment. Defendant's violations of the FMLA were willful.

29.    Defendant's actions, including but not necessarily limited to its decision to terminate Mr. Dawson's employment and the restrictions it placed on Mr. Dawson's ability to take medical leave time, was motivated, in part or in whole, in retaliation for his asserting a claim

5

under the New Jersey Workers' Compensation Act.

30.     Defendant's Upper Management participated in the relevant conduct, which was egregious, willful and wanton and in reckless disregard of Mr. Dawson's rights.

31.     As a result of Defendant's actions, Mr. Dawson has suffered injuries, including but not limited to emotional distress, physical distress, humiliation, embarrassment and pain and suffering, as well as certain associated physical symptoms and injuries including but not limited to eating disorders, disruption of sleep, anxiety, and stress,  as well as a loss of income and benefits.

WHEREFORE, Plaintiff seeks judgment against the Defendant for compensatory damages, including but not limited to back pay, front pay, emotional distress and physical distress damages, damages for pain and suffering, punitive damages, pre- and post-judgment interest, counsel fees and such other relief as the Court may deem just and appropriate under the circumstances.

### COUNT THREE
### (WORKERS' COMPENSATION RETALIATION)

32.     Plaintiff, Timothy Dawson, repeats and re-alleges each and every allegation set forth in Count I, parts 17 through 24 and Count II, parts 25 through 31 as if recounted at length herein.

33.     Defendants terminated Mr. Dawson when his compensable injuries were confirmed by his physician.

34.     Defendant's actions were motivated in whole or in part in retaliation for asserting a Workers' Compensation claim.

6

35.    As a result of Defendant's actions, Mr. Dawson has suffered injuries, including but not limited to emotional distress, physical distress, humiliation, embarrassment and pain and suffering, as well as certain associated physical symptoms and injuries including but not limited to eating disorders, sleeping disruption, stress and anxiety, as well as a loss of income and benefits.

WHEREFORE, Plaintiff seeks judgment against the Defendant for compensatory damages, including but not limited to back pay, front pay, emotional distress and physical distress damages, liquidated damages, damages for pain and suffering, pre- and post-judgment interest, counsel fees and such other relief as the Court may deem just and appropriate under the circumstances.

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Gerald Jay Resnick, Esq. is hereby designated as trial counsel or

the Plaintiff.

DEUTSCH RESNICK, P.A.
One University Plaza - Suite 305
Hackensack, NJ 07601
(201) 498-0900
Attorney for Plaintiff Timothy Dawson

Dated: October 14, 2004                    By: _____
                                           Frances Farber-Walter

8

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is the subject of an action pending in Workers'

Compensation.   The Plaintiff knows of no other parties who should be joined in the action.


                                        DEUTSCH RESNICK, P.A.
                                        One University Plaza - Suite 305
                                        Hackensack, NJ 07601
                                        (201) 498-0900
                                        Attorney for Plaintiff Timothy Dawson


Dated: October 14, 2004          By: _____
                                        Frances Farber-Walter


9

NOV 12 2004 2:17PM    HP LASERJET 3200

OCT 25 2004 15:56 FR WASTE MANAGEMENT          2016643093 TO 12152692347      P.16/16

Oct-28-04 11:27    From

PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 247-8183
COURT HOURS

DATE:    OCTOBER 19, 2004
RE:      DAWSON  VS  WASTE MANAGEMENT OF NEW JERSEY
DOCKET:  PAS L -004463 04

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON RONALD B. SOKALSKI

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:  (973) 247-8239.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                         ATTENTION:

                              ATT: FRANCES FARBER-WALTER
                              DEUTSCH RESNICK PA
                              ONE UNIVERISTY PLAZA
                              SUITE 305
                              HACKENSACK        NJ 07601

JULQA

OCT 2 1 2004